Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
   A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Tel: (323) 937-4501   Fax:  (888) 316-6107
email: baruchcohen@baruchcohenesq.com

*Attorney For Plaintiffs Robert & Esther Mermelstein*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-10990-SK |
| LESLIE KLEIN, | Adv. Proc. No.: 2:23-ap-01153-SK |
| Debtor and Debtor in Possession, | Hon.  Sandra Klein |
| | Chapter 11 |
| ROBERT & ESTHER MERMELSTEIN, | **OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5)** |
| Plaintiffs | |
| vs. | |
| LESLIE KLEIN | |
| Defendant | Date: 10-18-2023<br>Time: 9:00am<br>Place: 255 E. Temple Street, Los Angeles<br>Courtroom: 1575 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, AND ALL OTHER INTERESTED PARTIES**:

Plaintiffs-Creditors, Robert & Esther Mermelstein ("Plaintiffs"), hereby oppose the Motion for Order Dismissing Certain Causes of Action in Complaint for Denial of Discharge Pursuant to 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5) (the "Motion") filed by Defendant-Debtor, Leslie Klein ("Defendant"), and allege respectfully as follows:

1       Defendant's Motion relies exclusively on *In re Duncan*, 2012 Bankr. Lexis 524, 2012 WL 5462917 (Bankr. Az. 2012) for the proposition that the Fourth Cause of Action (11 U.S.C § 727(a)(2)(A), Fifth Cause of Action (11 U.S.C § 727(a)(2)(B), Sixth Cause of Action (11 U.S.C § 727(a)(3), Seventh Cause of Action (11 U.S.C § 727(a)(4) and Eighth Cause of Action (11 U.S.C § 727(a)(5) (collectively, the "727 Causes of Action") all must be dismissed by the Court because these causes of action are only applicable to chapter 7 individual debtors, and this is a chapter 11 case.

      However, the Arizona *Duncan* case appears to be considered in the context of a confirmed individual ch. 11 plan. In a ch. 11 case, before a case can be confirmed, a debtor is required to pay its creditors as much as, or more than they would stand to realize upon liquidation. 11 U.S.C. § 1129(a)(7). This is known colloquially as the "best interests of creditors test" - voluntary repayment to creditors of more than they could realize in a liquidation.

      11 U.S.C. § 1141(d)(3) provides:

The confirmation of a plan does not discharge a debtor if--

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after consummation of the plan; and

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. § 1141(d)(3).

      Its applicable corollary statute is 11 U.S.C. § 1141(d)(5), which mandates, in an individual ch. 11, that its general rule is that individuals do not gain a discharge until they complete "all payments under the plan ...." 11 U.S.C. § 1141(d)(5)(A).

      In order for a § 727(a) challenge to be sustained, three elements must be met. This is because § 1141(d)(3) has three subparts to it, which are conjoined by the word "and." This means that, for a § 727(a) challenge to move forward under § 1141(d)(3)(C), a creditor must also

show that the other two elements, (A) and (B), favor its position. [*8] The use of the word "and" in § 1141(d)(3), to include all segments of the subparts A, B and C, is one of the clearest and easiest statutory principles to apply. See *In re First Magnus Fin. Corp.*, 403 B.R. 659, 665 (D. Ariz. 2009) (The connector "and" requires that both parts of a subsection must exist), affirming and citing in re *First Magnus Fin Corp.*, 390 B.R. 667, 676 (Bankr. D. Ariz. 2008) (citing 1A SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 47:27 (7th ed. 2008)).

If any one of the three subparts cannot be shown, an individual creditor may not proceed solely on the § 1141(d)(3)(C) prong (the § 727(a) feature of the statute). See *Matter of T-H New Orleans Ltd. P'ship*, 116 F.3d 790, 803 (5th Cir. 1997); *In re Berg*, 423 B.R. 671, 677 & n.27 (10th Cir. BAP 2010); see also *Grausz v. Sampson (In re Grausz)*, 63 Fed. Appx. 647, 650 (4th Cir. 2003) (lower court erred in failing to consider second element of § 1141(d)(3) before denying ch. 11 debtor's discharge). See generally 8 COLLIER ON BANKRUPTCY ¶ 1141.05[4] (16th ed. 2012).

The legislative history to § 1141(d) states:

> Paragraph (3) specifies that the debtor is not discharged by the confirmation of a plan if the plan is a liquidating plan and if the debtor would be denied a discharge in a liquidation case under Section 727. Specifically, if all or substantially all of the distribution under the plan is of all or substantially all of the property of the estate or the proceeds of it, if the business, if any, of the debtor does not continue, and if the debtor would be denied a discharge under section 727 (such as if the debtor were not an individual or if he had committed an act that would lead to denial of discharge), then the Chapter 11 [*10] discharge is not granted.

House Rep. No. 95-595, 95th Cong. 1st Sess. 418-19 (1977), reprinted in, 1978 U.S.C.C.A.N. 5963, 6374-75.

**Subsection A: The First Prong - Liquidation**: The first prong of 1141(d)(3) states that "the plan provides for the liquidation of all or substantially all of the property of the estate."

Here, the Debtor has not filed a plan or disclosure statement, and certainly cannot provide for a liquidation of any of his individually owned assets - as the Debtor's disclosures to the court reveal he has none. The Debtor has virtually no income, and cannot repay his creditors. Without any plan or disclosure statement on file, it is premature to conclude that Plaintiff cannot proceed with the § 727(a) portion of his complaint.

**Subsection B: The Second Prong — Business Does Not Continue**: The second subpart of § 1141(d)(3) reads: "the debtor does not engage in business after consummation of the plan." In this case, the disgraced lawyer, accountant Debtor has no income and has disclosed no ability to continue to earn income from various sources. Without such abilities, and without any plan or disclosure statement on file, it is premature to conclude that Plaintiff cannot proceed with the § 727(a) portion of his complaint.

**The Third Prong — Objection to Discharge**: The Complaint cites appropriate facts surrounding the allegations of the § 727 aspects of the Debtor's behavior.

Finally, in the event that this chapter 11 bankruptcy gets converted into chapter 7, Plaintiffs' 727 Causes of Action should be reserved, and if the Court is inclined to grant Defendant's Motion, it should be without prejudice to preserve Plaintiffs' 727 Causes of Action against Defendant.

DATED:     September 7, 2023          LAW OFFICE OF BARUCH C. COHEN
                                      A Professional Law Corporation


                                      By    /s/ Baruch C. Cohen
                                      Baruch C. Cohen, Esq.
                                      *Attorney for Creditors Robert & Esther Mermelstein*

-4-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 9/7/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael S Kogan (DF)    mkogan@koganlawfirm.com
Baruch C Cohen (PL)    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Michael I. Gottfried (IP)    mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
Nikko Salvatore Stevens (IP)    nikko@cym.law, mandi@cym.law
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Clarisse Young (IP)    youngshumaker@smcounsel.com, levern@smcounsel.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 9/7/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 9/7/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/7/2023 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| Date | Printed Name | Signature |