Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954.1690
mkogan@koganlawfirm.com

Attorneys for Leslie Klein

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>　　　　Debtor.<br>_____<br><br>ROBERT & ESTHER MERMELSTEIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LESLIE KLEIN,<br><br>　　　　Defendant. | Case No. 2:23-bk-10990-SK<br><br>Chapter 11<br><br>Adv. No. 2:23-ap-01153-SK<br><br>**REPLY TO OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT**<br><br>Date:　　October 18, 2023<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 1575 |

Defendant, Leslie Klein ("**Klein**" or "**Defendant**"), hereby files his reply ("**Reply**") to the opposition ("**Opposition**") to the Motion for Order Dismissing Certain Causes of Action in Complaint (**Motion**") filed by Robert & Esther Mermelstein ("**Plaintiff**" or "**Mermelstein**") to the Complaint for Nondischargeability of Debt Pursuant to 11 USC § 523(a)(2)(a), 11 USC § 523(a)(4), & 11 USC § 523(a)(6); & for Denial of Discharge Pursuant to 11 USC § 727(a)(2)(a); 11 USC § 727(a)(2)(b); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5) ("**Complaint**") on the following grounds:

**Preliminary Statement**: on September 11, 2023, the Defendant filed its Supplemental Opposition (Doc # 28) in which it attempted to make additional arguments to that contained in its Opposition. Pursuant to the Court Order of August 31, 2023 (Doc # 24), the Plaintiffs opposition to the Motion was due on August 9, 2023, and no further pleadings were to be "allowed or considered." The Defendant will therefore not address the additional arguments of Plaintiff contained in the Supplemental Opposition, however, the Defendant does not believe its arguments would change as it is black letter law that the 727 Causes of Action cannot be plead per the Complaint, and do not apply herein.

The Defendant argues in its Opposition that the Fourth Cause of Action (11 U.S.C § 727(a)(2)(A), Fifth Cause of Action (11 U.S.C § 727(a)(2)(B), Sixth Cause of Action (11 U.S.C § 727(a)(3), Seventh Cause of Action (11 U.S.C § 727(a)(4) and Eighth Cause of Action (11 U.S.C § 727(a)(5) (collectively, the "**727 Causes of Action**") are appropriate because they somehow are consumed in 11 U.S.C. § 1141(d)(3), and therefore it is somehow appropriate to plead the 727 Causes of Action in a chapter 11 bankruptcy case.

This just simply is not the law under the Bankruptcy Code.

**First**, these causes of action are **only** applicable to chapter 7 individual debtors. The Debtor herein and the bankruptcy case is a chapter 11 bankruptcy case.

11 U.S.C § 103 provides:

(a) Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title, and this chapter, sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15.

(b) Subchapters I and II of chapter 7 of this title apply only in a case under such chapter.

The 727 Causes of Action are part of Subchapter II of chapter 7, therefore according to Section 103(b) they can **only** apply to a case under chapter 7 bankruptcy cases.[1]

The provisions of 11 U.S.C § 103 cannot be ignored by the Defendant. Given the plain language of section 103(b), it is appropriate to note the basic canon of statutory construction that when the language of a statute is plain, the sole function of a court is to enforce it according to its terms, unless the disposition required by the text is absurd. Lamie v. U.S. Trustee, 540 U.S. 526, 534, 124 S. Ct. 1023 (2004); Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S. Ct. 1942 (2000) (quoting United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S. Ct. 1026 (1989) (in turn quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S. Ct. 192, (1917)). The plain language of section 103(b) is clear that "Subchapters I and II of chapter 7 of this title apply only in a case" under chapter 7. Thus, the fact that section 727 is referenced in section 1141(d)(3) is irrelevant to the chapter 11 adversary proceeding, thus, the 727 Causes of Action do not apply in a chapter 11 bankruptcy case. Whiting Pools, 462 U.S. 198, 204 (1983).

**Second**, 11 U.S.C. § 1141(d)(3) states –

(3) The confirmation of a plan does not discharge a debtor if—

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after consummation of the plan; **and**

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.
(emphasis added)

Thus for section 1141(d)(3) to be applicable, the debtor has to propose a liquidating plan, does not engage in business after confirmation, **and** would be denied a discharge under § 727(a) *if this were* a chapter 7 case. Torrington Livestock Cattle

---

[1] Chapter 11 has its own timing and Bankruptcy Code section that applies to the debtor's discharge of debts. See Section 1141. In a chapter 11 case, the complaint shall be filed no later than the first date set for hearing on confirmation. FRBP 4004(a).

Case 2:23-ap-01153-SK    Doc 29    Filed 09/13/23    Entered 09/13/23 11:29:03    Desc
Main Document    Page 4 of 7

Co. v. Berg (In re Berg), 423 B.R. 671 (B.A.P. 10th Cir. 2010). All three (3) elements are required and at this point in the bankruptcy case, the Debtor has not proposed a plan of reorganization (therefore the first element cannot be met until a plan of reorganization is proposed, and it also is undetermined if the Debtor will engage in business after confirmation. These two (2) elements are required and must be plead for application of section 1141(d)(3). They cannot at this point in time and that's why the bankruptcy code sets a time to file such adversary proceeding as the complaint shall be filed no later than the first date set for hearing on confirmation of the chapter 11 plan of reorganization. FRBP 4004(a).

In Berg, the bankruptcy court denied the debtor's discharge under § 727(a)(3), on the grounds that he failed to maintain business records sufficient to allow the court to determine his financial condition or the propriety of his prepetition transactions, and that he failed to justify the lack of adequate records. The BAP reversed and remanded because the bankruptcy court had failed to make findings on two of the three elements required under § 1141(d)(3). "All three elements of § 1141(d)(3) must be established before a Chapter 11 debtor's discharge may be denied. <u>A Chapter 11 discharge cannot be denied solely on the ground that the debtor would have been denied a discharge under Chapter 7.</u>" (emphasis added)

In Wachovia Securities, LLC v. Jahelka (In re Jahelka), 2010 Bankr. LEXIS 4933 (Bankr. N.D. Ill. 2010) a creditor asserted that Debtor, the president and shareholder of a small, closely-held corporation, participated with others in leading the creditor to believe that the corporation had the ability to cover its losses on a margin account that the creditor opened for the corporation when in fact the corporation had been rendered unable to do so. The creditor objected to the debtor's discharge under, inter alia, §§ 727(a)(3) and (a)(5).

The court held, the objection to a chapter 11 debtor's discharge under § 727(a) is premature when raised before a chapter plan has been proposed. Section 727(a) is applicable to Chapter 11 cases <u>only</u> in the limited circumstances covered by §

4
**REPLY TO OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT**

1141(d)(3), which requires that the debtor has proposed a plan providing for the liquidation of all or substantially all of the property of the estate. "With no plan before the court, any consideration of section 1141(d)(3)—and therefore section 727(a)—is premature."

Third, although Plaintiff argues that the language of section 1141(d)(5)(C) mirrors that of section 727(a)(12), that argument is irrelevant because (1) section 1141(d)(5)(C) was not included in the Complaint as a cause of action, and (2) Section 727(a)(12) is inapplicable to chapter 11 bankruptcy cases as set forth above.

Thus, all of the 727 Causes of Action must be dismissed by the Court because these causes of action are only applicable to chapter 7 individual debtors. The Debtor herein and the bankruptcy case is a chapter 11 bankruptcy case.

For the foregoing reasons, Klein respectfully request that the Court grant the Motion. The deficiencies evident from the face of the Complaint warrant a dismissal of the 727 Causes of Action with prejudice.

DATED: September 13, 2023          **KOGAN LAW FIRM, APC**
                                    Michael S. Kogan


                                    By:  /s/Michael S. Kogan
                                         Michael S. Kogan
                                         Attorneys for Leslie Klein

| In re: LESLIE KLEIN<br>Debtor(s).<br>Robert & Esther Mermelstein v Leslie Klein | CHAPTER: 11<br>CASE NUMBER: 2:23-bk-10990-SK<br>Adv. No. 2:23-ap-01153-SK |
|---|---|

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064

A true and correct copy of the foregoing document described as **REPLY TO OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 13, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **September 13, 2023**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 13, 2023 | Pamela Lynn | /s/Pamela Lynn |
|---|---|---|
| Date | Type Name | Signature |

| In re: LESLIE KLEIN | CHAPTER: 11 |
| --- | --- |
| Debtor(s). | CASE NUMBER: 2:23-bk-10990-SK |
| Robert & Esther Mermelstein v Leslie Klein | Adv. No. 2:23-ap-01153-SK |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

    Baruch C Cohen (PL) bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
    Michael I. Gottfried (IP) mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
    Nikko Salvatore Stevens (IP) nikko@cym.law, mandi@cym.law
    United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
    Clarisse Young (IP) youngshumaker@smcounsel.com, levern@smcounsel.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** - VIA U.S. MAIL

Hon. Sandra Klein
U.S. Bankruptcy Court
255 E. Temple St. #1582
Los Angeles, CA 90012