| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Baruch C. Cohen, Esq. (SBN 159455)<br>LAW OFFICE OF BARUCH C. COHEN<br> A Professional Law Corporation<br>4929 Wilshire Boulevard, Suite 940<br>Los Angeles, California 90010<br>Tel: (323) 937-4501 Fax:  (888) 316-6107<br>email: baruchcohen@baruchcohenesq.com<br><br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - **LOS ANGELES DIVISION**

| In re:<br>LESLIE KLEIN<br><br><br>Debtor(s). | CASE NO.: **2:23-bk-10990-SK**<br>CHAPTER: **11**<br>ADVERSARY NO.: **2:23-ap-01153-SK** |
|---|---|
| ROBERT & ESTHER MERMELSTEIN<br><br><br>Plaintiff(s),<br>vs.<br>LESLIE KLEIN<br><br><br>Defendant(s). | **AMENDED<br>REQUEST FOR CLERK TO ENTER<br>DEFAULT UNDER LBR 7055-1(a)**<br><br>[No Hearing Required] |

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant against whom default is sought (*specify name*): LESLIE KLEIN

2. Plaintiff filed the complaint in this adversary proceeding on (*specify date*): 05/12/2023

3. The summons and complaint were served on Defendant by ☐ Personal Service ☒ Mail Service
on the following date (*specify date*): 05/17/2023

4. A conformed copy of the executed service of summons form is attached hereto.

5. The time for filing an answer or other responsive pleading expired on (*specify date*): 07/12/2023

6. No answer or other responsive pleading has been filed or served by Defendant.

WHEREFORE, Plaintiff requests that the clerk of the court enter a default against this Defendant.

Date: 11/28/2023

Signature

 Baruch C. Cohen
*Printed name of Plaintiff or attorney for Plaintiff*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
        A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Tel: (323) 937-4501   Fax: (888) 316-6107
email: baruchcohen@baruchcohenesq.com

*Attorney For Plaintiffs Robert & Esther Mermelstein*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES ANA DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>    Debtor and Debtor in Possession,<br><br>ROBERT & ESTHER MERMELSTEIN,<br><br>    Plaintiffs<br><br>vs.<br><br>LESLIE KLEIN<br><br>    Defendant | Case No. 2:23-bk-10990-SK<br><br>Hon.  Sandra Klein<br><br>Adv. Proc. No.: 2:23-ap-01153-SK<br><br>Chapter 11<br><br>**PROOF OF SERVICE OF:**<br><br>• **COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO  11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6); & FOR DENIAL OF DISCHARGE PURSUANT TO 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5)**<br><br>• **ANOTHER SUMMONS ISSUED ON LESLIE KLEIN; &**<br><br>• **EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS** |

DATED:      May 16, 2023

LAW OFFICE OF BARUCH C. COHEN
        A Professional Law Corporation

*/s/ Baruch C. Cohen*
Baruch C. Cohen, Esq.
*Attorney For Creditors Robert & Esther Mermelstein*

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Baruch C Cohen<br>4929 Wilshire Blvd Ste 940<br>Los Angeles, CA 90010<br><br>323-937-4501<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| In re:<br><br>Leslie Klein<br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br><br>CHAPTER: 11<br><br>ADVERSARY NUMBER: 2:23-ap-01153-SK |
|---|---|
| Robert & Esther Mermelstein<br><br>Plaintiff(s)<br><br>Versus<br><br>Leslie Klein<br><br>Defendant(s) | **ANOTHER**<br>**SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **06/12/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **August 9, 2023** |
| **Time:** | **09:00 AM** |
| **Hearing Judge:** | **Sandra R. Klein** |
| **Location:** | **255 E Temple St., Crtrm 1575, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Alias Summons and Notice of Status Conference in Adversary Proceeding: May 12, 2023

By: _____"s/" Thais D. May_____

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Tel: (323) 937-4501   Fax: (888) 316-6107
email: baruchcohen@baruchcohenesq.com

*Attorney For Plaintiffs Robert & Esther Mermelstein*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES ANA DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-10990-SK |
| LESLIE KLEIN, | Hon.  Sandra Klein |
| Debtor and Debtor in Possession, | Chapter 11 |
| | |
| ROBERT & ESTHER MERMELSTEIN, | **COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO  11 USC § 523(a)(2)(A),  11 USC § 523(a)(4), & 11 USC § 523(a)(6); & FOR DENIAL OF DISCHARGE PURSUANT TO 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5)** |
| Plaintiffs | |
| vs. | |
| LESLIE KLEIN | |
| Defendant | |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY**

**JUDGE, THE DEBTOR AND HIS COUNSEL, AND ALL OTHER INTERESTED**

**PARTIES**:

Plaintiffs-Creditors, Robert & Esther Mermelstein ("Plaintiffs"), complain for

nondischargeability of debt & for denial of discharge against Defendant-Debtor, Leslie Klein

("Defendant"), and alleges respectfully as follows:

**CORE/NON-CORE DESIGNATION**

1.      In accordance with Local Bankruptcy Rule 7008-1, Plaintiffs allege that this adversary

proceeding constitutes a core proceeding under 28 USC § 157(b)(2). Plaintiffs

acknowledge that the Court has the power to enter final orders and judgments in this

matter. Plaintiffs also consent to the Court's entry of final orders and judgments in this matter under FRBP Rule 7008..

## JURISDICTION, VENUE & STANDING

2.     This adversary proceeding arises under *In re Klein*, 2:23-bk-10990-SK, a Chapter 11 case commenced in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Case"). The Court has jurisdiction under 11 USC §§ 523 and 727, and 28 USC §§ 157 and 1334.

3.     The venue is proper in this Court pursuant to 28 USC § 1409.

4.     Plaintiffs have standing to bring this action because Plaintiffs are creditors in the Bankruptcy Case under 11 USC § 101(10).

## PARTIES

5.     The following is a description of the relevant parties involved in the facts forming the basis of this Complaint.

6.     Plaintiffs are individuals, senior citizens residing in Brooklyn, NY.

7.     Defendant is an individual, whose principal residence is in Los Angeles County, California and who regularly conducted business from Los Angeles County, California. Defendant was a certified public accountant, formerly licensed by the State of California, and a former, and an attorney licensed by the State of California.[1] Defendant is the debtor in the above-captioned Chapter 11 bankruptcy case.

///

---

[1]     On September 10, 1992, the Supreme Court of the State of California, in State Bar Court Case No. 86-O-14258, ordered that Defendant be suspended from the practice of law for 18 months and further ordered that he take and pass the California Professional Responsibility Examination ("CPRE"). Defendant failed the November 1993 and January 1994 CPREs. In Case No. 86-O-14258, Defendant admitted to intentional misrepresentations. On August 3, 1995, the Supreme Court of the State of California, in State Bar Court Case No. 92-O-11716 (consolidated with Case Nos. 93-O-11825, 94-O-13951, 94-O12055, and 94-O15901) ordered that Defendant be suspended from the practice of law for one year. In Case No. 92-O-11716, as consolidated, Defendant admitted to willful violations of Rules of Professional Conduct concerning client trust accounts and conflicts of interest.

-2-

**GENERAL ALLEGATIONS**

8.    The following general allegations form the background for the Plaintiffs' claims for relief

against Defendant.

9.    Plaintiffs are family relatives of Defendant, are Orthodox Jews, and are the settlors and

beneficiaries of the Mermelstein Charitable Remainder Unitrust Dated July 27, 2009, (the

" Mermelstein Trust").

10.    Defendant,  on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the

"Klein Trust") solicited Plaintiffs to invest in at least seven (7) life insurance policies: (1)

Garza; (2) Times Square; (3) Ganz; (4) Spitzer; (5) Kohn; (6) Friedman; & (7)

Zimmerman.

**GARZA**

11.    On 8-3-2009, Defendant on behalf of The Klein Charitable Remainder Unitrust dated

2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint

Venture (the "Garza Memo"). The purpose of the Garza Memo, was to purchase a

$1,000,000.00 life insurance Policy ("Garza Policy"); American General on the life of

Emanuel Garza ("Garza"). In furtherance of the Garza Memo, Plaintiffs paid Klein

$100,000.00 towards the purchase of the Garza Policy. Defendant instructed Plaintiffs to

make said payments to Defendant's IOLTA - Attorney Client Trust Account. Per the

Garza Memo, Defendant promised to pay the Mermelstein Trust $500,000.00

($400,000.00 plus return of premiums paid; plus $100,000.00).

12.    On 4-30-2021, Defendant executed a First Amendment to the Memorandum of

Agreement for Joint Venture (Garza), changing the recipient of the $500,000.00 from the

Mermelstein Trust to Robert & Esther Mermelstein.

13.    Plaintiffs are informed and believe that Defendant sold 50% to the Garza Policy, to the

Longevity Fund of NY and partially to the Longevity Fund of Michigan without their

consent.

14.    Plaintiffs are informed and believe that Garza apparently died in 2018, and on or about 7-

2-2018, Defendant collected the Garza Proceeds, on the Garza Policy. Defendant

concealed this information from Plaintiffs, misappropriated & kept the Garza Proceeds

for himself, and failed to pay Plaintiffs the $500,00.00 per the Garza Memo.

**TIMES SQUARE**

15.     On 7-16-2012, Defendant issued Plaintiffs a Non-Recourse Promissory Note, in the

amount of $333,333.00, due and payable by 7-16-2013, by Defendant on behalf of the

Times Square Media Inc., containing a "*Heter Iska*" document (an approved way of

restructuring a loan or debt so that it becomes an investment instead of a loan, per

*Halacha* - Jewish law).

16.     Plaintiffs are informed and believe that Defendant had no intention of paying the Times

Square Non-Recourse Promissory Note, as Plaintiffs made no payments whatseoever.

**GANZ**

17.     On 8-3-2009, Defendant on behalf of The Klein Charitable Remainder Unitrust dated

2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint

Venture with plaintiffs (the "Ganz Memo"). The purpose of the Ganz Memo, was to

purchase a $1,000,000.00 life insurance Policy ("Ganz Policy"); American General on

the life of Emanuel Ganz ("Ganz"). In furtherance of the Ganz Memo, Plaintiffs paid

Klein $100,000.00 towards the purchase of the Ganz Policy. Defendant instructed

Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account.

Per the Ganz Memo, Defendant promised to pay the Mermelstein Trust $500,000.00

($400,000.00 plus return of premiums paid; plus $100,000.00).

18.     On 4-30-2021, Defendant executed a First Amendment to the Memorandum of

Agreement for Joint Venture (Ganz), changing the recipient of the $500,000.00 from the

Mermelstein Trust to Robert & Esther Mermelstein.

19.     Plaintiffs are informed and believe that Defendant apparently sold 50% to the Ganz

Policy, to the Longevity Fund of NY and partially to the Longevity Fund of Michigan,

without Plaintiff's consent.

20. Plaintiffs are informed and believe that Ganz apparently died in 2018, and on or about 7-2-2018, Defendant collected the Ganz Proceeds, on the Ganz Policy. Defendant concealed this information from Plaintiffs, misappropriated & kept the Ganz Proceeds for himself, and failed to pay Plaintiffs the $500,00.00 per the Ganz Memo.

## SPITZER

21. On 8-3-2009, Defendant on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint Venture with Plaintiffs (the "Spitzer Memo"). The purpose of the Spitzer Memo, was to make premium payments of a $5,000,000.00 life insurance Policy Number: US 0023546L ("Spitzer Policy"); American General on the life of Malvine Spitzer ("Spitzer"). In furtherance of the Spitzer Memo, Plaintiffs paid Defendant $250,000.00 towards the purchase of the Spitzer Policy. Defendant instructed Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account. Per the Spitzer Memo, Defendant promised to pay the Mermelstein Trust $2,250,000.00 ($2,000,000 plus $250,000 and all premiums paid of the proceeds).

22. On 4-30-2021, Defendant executed a First Amendment to the  Memorandum of Agreement for Joint Venture (Spitzer), changing the recipient of the $2,250,000.00 from the Mermelstein Trust to Robert & Esther Mermelstein.

23. Plaintiffs are informed and believe that Defendant apparently sold portions of the Spitzer Policy, without their consent - but Plaintiffs do not know to whom. Defendant concealed this information from Plaintiffs.

## KOHN

24. On 3-10-2010, Defendant on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint Venture with Plaintiffs (the "Kohn Memo"). The purpose of the Kohn Memo, was to make premium payments of a $3,000,000.00 life insurance Policy ("Kohn Policy"); American General on the life of Eugene Kohn  ("Kohn"). In furtherance of the Kohn

Memo, Plaintiffs paid Defendant $200,000.00 towards the purchase of the Kohn Policy. Defendant instructed Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account.  Per the Kohn Memo, Defendant promised to pay the Mermelstein Trust $1,200,000.00 ($200,000 and $1,000,000 and all premiums paid of the proceeds).

25. On 4-30-2021, Klein executed a First Amendment to the  Memorandum of Agreement for Joint Venture (Kohn), changing the recipient of the $1,200,000.00 from the Mermelstein Trust to Robert & Esther Mermelstein.

26. Plaintiffs are informed and believe that Defendant paid premiums of the Kohn Policy up to 2011. Thereafter, Defendant apparently sold portions or the entirety of the Kohn Policy - without Plaintiffs' consent - to Life Capital Group, LLC ("LCG"), where Shlomo Yehuda Rechnitz ("Rechnitz") was to resume paying the Kohn Policy premiums from 2011 onwards. Defendant concealed this information from Plaintiffs.

27. According to information recently received by Plaintiffs  an unsigned Amended and Restated Limited Liability Company Agreement of Life Capital Group, LLC, Defendant and Rechnitz agreed that upon the death of Kohn, Defendant and Rechnitz would be reimbursed the premiums that they paid, plus interest on the premiums. Thereafter, Defendant and Rechnitz would split the profits 50/50 of the Kohn Policy, and that Plaintiffs would receive their $1,200,000.00.

**FRIEDMAN**

28. On 3-1-2010, Defendant on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint Venture with Plaintiffs (the "Friedman Memo"). The purpose of the Friedman Memo, was to purchase a $1,500,000.00 life insurance Policy ("Friedman Policy"); American General on the life of Goldie Friedman ("Friedman"). In furtherance of the Friedman Memo, Plaintiffs paid Klein $250,000.00 towards the purchase of the Friedman Policy. Defendant instructed Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account.  Per the Friedman Memo, Defendant promised to pay the

1      Mermelstein Trust $1,000,000.00 ($250,000.00 and $750,000.00 and all premiums paid

2      of the proceeds).

3   29.    On 4-30-2021, Defendant executed a First Amendment to the  Memorandum of

4      Agreement for Joint Venture (Friedman), changing the recipient of the $1,000,000.00

5      from the Mermelstein Trust to Robert & Esther Mermelstein.

6   30.    Plaintiffs are informed and believe that Defendant apparently sold portions of the

7      Friedman Policy, to the Longevity Fund of NY and partially to the Longevity Fund of

8      Michigan, without Plaintiff's consent.

9   31.    Plaintiffs are informed and believe that Friedman apparently died in 2020, and Defendant

10      collected the Friedman Proceeds, on the Friedman Policy. Defendant concealed this

11      information from Plaintiffs, misappropriated & kept the Friedman Proceeds for himself,

12      and failed to pay Plaintiffs the  $1,000,000.00 per the Friedman Memo.

13                       **ZIMMERMAN**

14   32.    On 8-3-2009, Defendant on behalf of The Klein Charitable Remainder Unitrust dated

15      2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint

16      Venture with Plaintiffs (the "Zimmerman Memo"). The purpose of the Zimmerman

17      Memo, was to purchase a $9,000,000.00 life insurance Policy ("Zimmerman Policy");

18      American General Policy # US 0023738L on the life of Rozy Pearl Zimmerman

19      ("Zimmerman"). In furtherance of the Zimmerman Memo, Plaintiffs paid Defendant

20      $150,000.00 towards the purchase of the Zimmerman Policy. Defendant instructed

21      Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account.

22      Per the Zimmerman Memo, Defendant promised to pay the Mermelstein Trust

23      $2,400,000.00 ($2,250,000.00 plus $150,000.00).

24   33.    On 4-30-2021, Defendant executed a First Amendment to the  Memorandum of

25      Agreement for Joint Venture (Zimmerman), changing the recipient of the $2,400,000.00

26      from the Mermelstein Trust to Robert & Esther Mermelstein.

27   34.    Plaintiffs are informed and believe that Defendant paid premiums of the Zimmerman

28

Policy up to 2011. Thereafter, Defendant apparently sold portions or the entirety of the Zimmerman Policy to Life Capital Group, LLC ("LCG") - without Plaintiffs' consent - , where Shlomo Yehuda Rechnitz ("Rechnitz") was to resume paying the Zimmerman Policy premiums from 2011 onwards. Defendant concealed this information from Plaintiffs.

35.   Defendant, as Trustee of the Rozy Pearl Zimmerman Irrevocable Life Insurance Trust (the "Zimmerman Trust") issued three Non-Recourse Promissory Notes  (the "Zimmerman Notes") to Plaintiffs secured by the Zimmerman Policy in the amount of $2,357,679.50:

   a.   Non-Recourse Promissory Notes # 1, principal sum of $1,412,679.53, dated June 15, 2011 - due June 15, 2020 (the "$1,412,679.53 Zimmerman Note");

   b.   Non-Recourse Promissory Notes # 2, principal sum of $570,000.00, dated December 7, 2009 - due December 7, 2019 (the: "$570,000.00 Zimmerman Note");

   c.   Non-Recourse Promissory Notes # 2, principal sum of $375,000.00, dated January 14, 2010 - due January 14, 2020 (the "$375,000.00 Zimmerman Note").

   d.   Interest on the three Non-Recourse Zimmerman Notes until 4-30-2023 comes to $2,939,936.84. Therefore the total amount of the claim is: $7,697,616.34 ($2,400,000.00 (Zimmerman Policy) + $2,357,679.50 (3 Zimmerman Notes) + 2,939,936.84 (interest) =  $7,697,616.34.

36.   According to information recently received by Plaintiffs, an unsigned Amended and Restated Limited Liability Company Agreement of Life Capital Group, LLC, Defendant and Rechnitz agreed that upon the death of Zimmerman, Defendant and Rechnitz  would be reimbursed the premiums that they paid, plus interest on the premiums. Thereafter, Defendant and Rechnitz would split the profits 50/50 of the Zimmerman Policy, and that Plaintiffs would receive their $2,400,000.00.  Defendant concealed this information from Plaintiffs.

**PERIODIC PAYMENTS TO PLAINTIFFS FROM DEFENDANT'S IOLTA ACCOUNT**

37.    During this entire time, Defendant repeatedly assured Plaintiffs that their investments in the 7 policies were secure and accruing interest. Defendant mailed Plaintiffs periodic monthly checks of $5,000.00 issued from Defendant's IOLTA - Attorney Client Trust Account.

**PLAINTIFFS' DISCOVERY OF DEFENDANT'S FRAUD**

38.    On or about 1-21-2021, Plaintiffs discovered the above-referenced frauds and concealment.

39.    On or about 6-22-2022, Defendant wrote Plaintiffs assuring them that their investments were "secure" when in reality, Defendant sold them off to third parties without Plaintiffs' consent:

I received you e mail and I disagree. I paid in on the Zmerman policy over $1,000,000. The interest for the last 10 years is  over $2,300,000 . I also own 25%of the profits. ***You are well secured***. You can call me if you have any questions. [Emphasis Added]

40.    On or about 7-18-2022, Defendant wrote Plaintiffs admitting that he used Plaintiffs' monies from the Friedman Garza and Gans to pay for his legal fees in his lawsuit with Rechnitz.

I got your email. I want to make it very clear we are family and I don't want to fight. I think I can make a deal with Rechnitz because I have the best lawyers in LA. If not we will go to court. I have big leverage on Rechnitz due to the Menlo case. I am not assigning the Zimmerman case to you. ***I am using the money from the Friedman Garza and Gans cases for attorney fees in the Rechnitz case***.  On Zimmerman Rechnitz and I paid $4,000,000 in premiums but it is return of premium. We also gave Mrs Zimmerman $200,000. I am sure they will sue to get more. It is a big policy and all big policies have big fights. [Emphasis Added]

**PLAINTIFFS' PROOF OF CLAIMS**

41.    Plaintiffs timely filed seven (7) *Proofs of Claim* against Defendant totaling $13,480,949, primarily based on Defendant misappropriating insurance policies and the proceeds, as follows:

a.    Claim # 19-1 (Garza) $500,000.00;

b.    Claim # 20-1 (Times Square) $333,333.00;

c.    Claim # 21-1 (Ganz) $500,000.00;

d.    Claim # 22-1 (Spitzer) $2,250,000.00;

e.    Claim # 23-1 (Kohn) $1,200,000.00;

f.    Claim # 24-1 (Friedman) $1,000,000.00; &

g.    Claim # 25-2 (Zimmerman) $7,697,616.34.

TOTAL:    **$13,480,949**

## FIRST CLAIM FOR RELIEF
### (Nondischargeability of Debt - 11 USC § 523(a)(2)(A))

42.    Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

43.    At all relevant times, Defendant acted as Plaintiffs' fiduciary - investment adviser. Plaintiffs entrusted Defendant implicitly with their investments in the insurance policies.

44.    Defendant owed Plaintiffs fiduciary duties at all relevant times, including the duty of loyalty and candor. Defendant further owed a duty to use Plaintiffs' funds for legitimate business purposes and to refrain from using their funds and other property for his own personal non-business purposes.

45.    Defendant embezzled and stole from Plaintiffs. Defendant misrepresented the above-referenced information to Plaintiffs for the purpose of convincing Plaintiffs to invest in additional policies into Defendant's IOLTA client trust account. Defendant then stole more than $13,480,949 of Plaintiffs' money in a complicated life insurance scam, constituting intentional fraudulent, fraudulent concealment, breach of fiduciary duty and elder abuse.

46.    Defendant's misappropriation of Plaintiffs' funds and other property was unauthorized, without their consent and fraudulent. Defendant acted with the intent to permanently deprive Plaintiffs of the possession, use and benefit of their funds and other property.

47.    As a result of Defendant's unauthorized and fraudulent misappropriation of Plaintiffs' funds and other property and Defendant's false pretenses, false representations, and actual fraud set forth herein, Plaintiffs have suffered damages in the amount of not less

-10-

than $13,480,949.

48.     Defendant's debt to Plaintiffs is nondischargeable under 11 USC § 523(a)(2) because it

was incurred as a result of false pretenses, false representations, and actual fraud.

49.     The damages arising from Defendant's willful and malicious false pretenses, false

representation and actual fraud to Plaintiffs constitutes a debt against Defendant that is

nondischargeable pursuant to 11 USC § 523(a)(2)(A).

**SECOND CLAIM FOR RELIEF**
**(Nondischargeability of Debt - 11 USC § 523(a)(4))**

50.     Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations

in this Complaint as though fully set forth herein.

51.     At all relevant times, Defendant acted as Plaintiffs' fiduciary - investment adviser.

Plaintiffs entrusted Defendant implicitly with their investments in the insurance policies.

52.     Defendant owed Plaintiffs fiduciary duties at all relevant times, including the duty of

loyalty and candor. Defendant further owed a duty to use Plaintiffs' funds for legitimate

business purposes and to refrain from using their funds and other property for his own

personal non-business purposes.

53.     Defendant embezzled and stole from Plaintiffs. Defendant misrepresented the above-

referenced information to Plaintiffs for the purpose of convincing Plaintiffs to invest in

additional policies into Defendant's IOLTA client trust account. Defendant then stole

more than $13,480,949 of Plaintiffs' money in a complicated life insurance scam,

constituting intentional fraudulent, fraudulent concealment, breach of fiduciary duty and

elder abuse.

54.     Defendant's misappropriation of Plaintiffs' funds and other property was unauthorized,

without their consent and fraudulent. Defendant acted with the intent to permanently

deprive Plaintiffs of the possession, use and benefit of their funds and other property.

55.     As a result of Defendant's unauthorized and fraudulent misappropriation of Plaintiffs'

funds and other property and Defendant's false pretenses, false representations, and

actual fraud set forth herein, Plaintiffs have suffered damages in the amount of not less

than $13,480,949.

56. The damages to Plaintiffs arising from Defendant's fraud, defalcation, embezzlement and larceny while acting in a fiduciary capacity constitutes a debt against Defendant that is non-dischargeable pursuant to 11 USC § 523(a)(4).

**THIRD CLAIM FOR RELIEF**
**(Nondischargeability of Debt - 11 USC § 523(a)(6))**

57. Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

58. At all relevant times, Defendant acted as Plaintiffs' fiduciary - investment adviser. Plaintiffs entrusted Defendant implicitly with their investments in the insurance policies.

59. Defendant owed Plaintiffs fiduciary duties at all relevant times, including the duty of loyalty and candor. Defendant further owed a duty to use Plaintiffs' funds for legitimate business purposes and to refrain from using their funds and other property for his own personal non-business purposes.

60. Defendant embezzled and stole from Plaintiffs. Defendant misrepresented the above-referenced information to Plaintiffs for the purpose of convincing Plaintiffs to invest in additional policies into Defendant's IOLTA client trust account. Defendant then stole more than $13,480,949 of Plaintiffs' money in a complicated life insurance scam, constituting intentional fraudulent, fraudulent concealment, breach of fiduciary duty and elder abuse.

61. Defendant's misappropriation of Plaintiffs' funds and other property was unauthorized, without their consent and fraudulent. Defendant acted with the intent to permanently deprive Plaintiffs of the possession, use and benefit of their funds and other property.

62. As a result of Defendant's unauthorized and fraudulent misappropriation of Plaintiffs' funds and other property and Defendant's false pretenses, false representations, and actual fraud set forth herein, Plaintiffs have suffered damages in the amount of not less than $13,480,949.

63. The damages to Plaintiffs arising from Defendant's willful and malicious injury to

Plaintiffs constitutes a debt against Defendant that is non-dischargeable pursuant to 11

USC § 523(a)(6).

### FOURTH CAUSE OF ACTION
#### (Objection to Debtor's Discharge  11 USC § 727(a)(2)(A))

64.  Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations
in this Complaint as though fully set forth herein.

65.  Plaintiffs are informed and believe that within one year before the Petition, Defendant
transferred, removed, and/or concealed, or permitted to be transferred, removed, and/or
concealed, Defendant's property.

66.  As of the dates of the transfers, removals, and/or concealments of Defendant's property,
Defendant had one or more unsecured creditors.

67.  The transfers, removals, and/or concealments of Defendant's property prevented the
distribution of Defendant's property to Defendant's unsecured creditors.

68.  Defendant, with intent to hinder, delay, and/or defraud at least one of Defendant's
creditors, including, without limitation, Plaintiffs, transferred, removed, and/or
concealed, or permitted to be transferred, removed, and/or concealed, Defendant's
property.

69.  By transferring, removing, concealing, and/or permitting the transfer, removal, and/or
concealment of Defendant's property with the intent to hinder, delay, and/or defraud at
least one of Defendant's creditors, Defendant violated 11 USC § 727(a)(2)(A).

70.  Defendant failed to list valuable property on his schedule of assets and failed in his
statement of affairs to disclose property transfers.

71.  Defendant has a reckless indifference to the truth.

### FIFTH CAUSE OF ACTION
#### (Objection to Debtor's Discharge  11 USC § 727(a)(2)(B))

72.  Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations
in this Complaint as though fully set forth herein.

73.  Plaintiffs are informed and believe that After the Petition, Defendant transferred,

removed, concealed, and/or permitted to be transferred, removed, and/or concealed, property of the Bankruptcy estate.

74.  As of the dates of the transfers, removals, and/or concealments of the property of the estate, Defendant had one or more unsecured creditors.

75.  The transfers, removals, and/or concealments of the property of the estate prevented the distribution of this property to Defendant's unsecured creditors.

76.  Defendant, with intent to hinder, delay, and/or defraud at least one of Defendant's creditors, transferred, removed, and/or concealed, or permitted to be transferred, removed, and/or concealed, property of the estate.

77.  By transferring, removing, concealing, and/or permitting the transfer, removal, and/or concealment of estate property, with the intent to hinder, delay, and/or defraud at least one of Defendant's creditors, Defendant violated 11 USC § 727(a)(2)(B).

78.  Defendant failed to list valuable property on his schedule of assets and failed in his statement of affairs to disclose property transfers.

79.  Defendant has a reckless indifference to the truth.

### SIXTH CAUSE OF ACTION
### (Objection to Debtor's Discharge  11 USC § 727(a)(3))

80.  Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

81.  Plaintiffs are informed and believe that Defendant has not maintained adequate books and records from which Debtor's financial condition can be ascertained. Debtor has consistently not maintained adequate books and records. His failure to keep adequate books and records is not justified considering the circumstances articulated in this Complaint.

82.  Defendant has concealed, destroyed, falsified, and/or failed to keep or preserve information from which Defendant's financial condition and/or business transactions might be ascertained.

83.  Defendant has not been cooperative with the Office of the United States Trustee

("OUST") or with his creditors. Defendant has intentionally withheld records, books, documents, and/or other papers relating to Defendant's property and/or financial affairs.

84.  Considering the foregoing, Defendant's discharge must be denied under 11 USC § 727(a)(3).

**SEVENTH CAUSE OF ACTION**
**(Objection to Debtor's Discharge  11 USC § 727(a)(4)**

85.  Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

86.  Plaintiffs are informed and believe that Defendant has not made simple isolated errors or omissions in his Bankruptcy filings. Defendant's filings, such as his schedules and statement of affairs, do not reflect inadvertence or incompetence; rather, they exhibit fraudulent intent.

87.  Defendant has a pattern of misleading conduct.

88.  Defendant has a reckless indifference to the truth.

89.  Defendant has failed to list assets in his schedules.

90.  Defendant has falsely testified in the 341 Meeting.[2]

---

[2]    At the 3-13-2023 341(a) Meeting, Defendant at circa 11:15 testified in response to omissions to be brought to the attention of the United States Trustee ("UST"), that there were only "three minor errors" which he thought that his attorney corrected. Defendant testified that there were "no" errors related to any assets that he owns. At circa 12:52, Defendant testified that he identified all assets on his schedules. Defendant at circa 1:18:30-1:09:21 testified that in the year before the Bankruptcy, he received no commissions from his third-party life insurance deals. At circa 1:20:18, Defendant testified that he has not ever collected money on his third-party life insurance deals. At circa 1:22:18, Defendant testified that he has never received a payoff on his third-party life insurance deals. At circa 1:23:21, Defendant testified that four people have died and that he has received no money. Defendant at circa 1:39:00 testified, in response to whether he had transactions with Shlomo Rechnitz in the last five or six months relating to the thirdparty life insurance policies, "nope." Defendant testified that he does not remember paying the premiums for these policies out of his attorney client trust account at any time. Defendant at circa 1:40:03 testified that he does not remember depositing his own funds into his attorney-client trust account so that these insurance premiums could be paid. In response to the question of whether Defendant traveled out of the country anywhere recently, other than Israel, Defendant at circa 2:23:00 testified, "nope." In response

91.  Defendant has knowingly and fraudulently made false oaths and/or accounts in the Bankruptcy Case.

92.  Defendant has failed to provide records which are necessary for the OUST and his creditors to properly understand Defendant's financial condition and/or recent business transactions.

93.  Considering the foregoing, Defendant's discharge must be denied under 11 USC § 727(a)(4).

### EIGHTH CAUSE OF ACTION
**(Objection to Debtor's Discharge  11 USC § 727(a)(5))**

94.  Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

95.  Defendant has failed to explain satisfactorily his deficiency and/or loss of assets to meet Debtor's liabilities. No determination has yet been made of an entitlement to a discharge in this Bankruptcy Case.

96.  Considering the foregoing, Defendant's discharge must be denied under 11 USC § 727(a)(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment on the Complaint as follows:

1.  On the First Claim for Relief, Plaintiffs seek an order determining that Defendant is indebted to Plaintiffs in an amount not less than $13,480,949 and that Defendant's debt is excepted from discharge pursuant to 11 USC § 523(a)(2)(A);

2.  On the Second Claim for Relief, Plaintiffs seek an order determining that Defendant is indebted to Plaintiffs in an amount not less than $13,480,949 and that Defendant's debt is excepted from discharge pursuant to 11 USC § 523(a)(4);

3.  On the Third Claim for Relief, Plaintiffs seek an order determining that Defendant is

---

to the question of whether Defendant has bank accounts in Israel, Defendant at circa 2:26:48 testified, "nope." Defendant at circa 2:59:15 testified that he has not transferred any assets within the last year to a third party. Defendant at circa 2:59:33 testified that he has not given any gifts more than $12,000.00 to his family.

indebted to Plaintiffs in an amount not less than $13,480,949 and that Defendant's debt is excepted from discharge pursuant to 11 USC § 523(a)(6);

4.  On the Fourth Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(2)(A);

5.  On the Fifth Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(2)(B);

6.  On the Sixth Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(3);

7.  On the Seventh Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(4);

8.  On the Eighth Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(5);

9.  For costs of suit incurred herein; and

10. For such other and further relief as the Court may deem appropriate.

DATED:    May 12, 2023              LAW OFFICE OF BARUCH C. COHEN
                                   A Professional Law Corporation

                                   By ___/S/ Baruch C. Cohen_____
                                   Baruch C. Cohen, Esq.
                                   *Attorney For Creditors Robert & Esther
                                   Mermelstein*

## EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS

1.      A copy of these instructions must be attached to the copy of the complaint served upon each party, and the proof of service of the summons and complaint must indicate that such copy was served therewith.

2.      If the adversary proceeding involves money or property exceeding $10,000, or if plaintiff believes trial time will exceed 4 hours, plaintiff must serve, with the summons and complaint, a notice that compliance with Local Bankruptcy Rule 7026-1 and Federal Bankruptcy Procedure Rule 7026 is required. Plaintiff must also file a proof of service of the notice together with the proof of service of the summons and the complaint.

3.      If Local Bankruptcy Rule 7026-1 is applicable, counsel for the parties <u>MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE, AND LISTS OF WITNESSES, AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED **IN** SAID RULE. FEDERAL RULE OF CIVIL PROCEDURE 26(D DOES NOT APPLY TO THIS PROCEEDING.</u>

4.      Unless all defendants have defaulted, the parties **must** file a Joint Status Report pursuant to Local Bankruptcy Rule 7016-1(a)(2) at least 14 court days before the date of the status conference using Local Form No. F 7016-1.1. This form may be found on the Court's website, <u>www.cacb.uscourts.gov,</u> by clicking on "Forms/Rules/General Orders," then "Local Bankruptcy Rules & Forms." and scrolling down to F 7016-1.1. If Local Bankruptcy Rule 7026-1 is applicable, <u>the parties shall include in the Joint Status Report a statement that they have met to discuss settlement and have exchanged documents, other evidence, lists of witnesses and preliminary discovery schedules.</u>

5.      If no response to the complaint is timely filed, plaintiff may request entry of default by the clerk or by the court pursuant to Local Bankruptcy Rule 7055-1(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion pursuant to Local Bankruptcy Rule 7055-1(b). These motions may be brought pursuant to Local Bankruptcy Rule 9013-1.

6.      If the parties dispute whether the adversary proceeding is "core" or "non-core," they must file points and authorities in support of their positions. See 28 U.S.C. § 157. Any party that contends the proceeding is "non-core" must file and serve its points and authorities at least 14 days before the status conference. Any response must be filed and served at least 7 days before the status conference.

7.      Unless a party objects in writing in the first Joint Status Report or the court orders otherwise, direct testimony at trial will be presented by declaration.

8.      Failure to comply with these instructions may subject the responsible party to sanctions.

9.     At the initial status conference a date may be set for further status conference, a pre-trial conference and/or for trial.

10.     Failure of counsel for any party to appear at a status conference or pre-trial conference may be considered an abandonment and the adversary proceeding may be dismissed or judgment entered against the defaulting party, without further hearing.

Sandra R. Klein
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6); & FOR DENIAL OF DISCHARGE PURSUANT TO 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5) & EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___5/16/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen      bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
US Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___5/16/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY:
Honorable Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

VIA EMAIL:
Michael Jay Berger      michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;
michael.berger@ecf.inforuptcy.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 5/16/2023 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016

**F 7004–1.SUMMONS.ADV.PROC**

# DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1.  The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.  I am a member in good standing and eligible to practice before the following court(s): United State Supreme Court; California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3.  I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4.  I proudly represent Plaintiffs Robert & Esther Mermelstein vs Leslie Klein, in adversary # 2:23-ap-01153-SK.

5.  This declaration is in support of the **PLAINTIFFS' REQUEST FOR DEFAULT UNDER LBR 7055-1(a).**

6.  On May 12, 2023, Plaintiff filed this instant Complaint for Determination of Nondischargeability of Debts and to Deny Discharge ("Complaint") against Defendant Leslie Klein ("Defendant"). (Dkt. No. 1).

7.  On May 12, 2023, this Court issued a Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]. (Dkt. No. 2).

8.  On May 12, 2023, this Court issued an Another Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1] ("Summons") due to a clerical error in the original Summons. (Dkt. No. 3).

9.  On May 17, 2023, Defendant was served with the Summons and the Complaint by first-class mail. (Dkt. No. 4).

10. Defendant's initial deadline to file and serve a written response was on June 12, 2023.

11. On June 12, 2023, I entered into a stipulation with the attorney of record for Defendant to

1      extend the time for Defendant to file and serve his response to Plaintiff's Complaint. The

2      order granting the Stipulation was entered on June 13, 2021. Defendant's deadline to file

3      and serve the response was extended to July 12, 2023. (Dkt. Nos. 8 and 9).

4    12.    On July 18, 2023, Plaintiff requested the Clerk enter a default against Defendant, which

5      was entered on July 21, 2023. (Dkt. No. 12).

6    13.    On July 24, 2023, Defendant filed a Substitution of Attorney. (Dkt. No. 13).

7    14.    On July 24, 2023, I agreed to a stipulation with the attorney of record for Defendant to

8      withdraw the request for default and to extend Defendant's time period to file and serve his

9      response to Plaintiffs Complaint to August 15, 2023. (Dkt. Nos. 14 and 16).

10   15.    On August 14, 2023, Defendant filed a Motion for Order Dismissing Certain Causes of

11     Action in Complaint, which was set for hearing on October 18, 2023. (Dkt. No. 18).

12   16.    On October 19, 2023, Defendant's counsel of record filed a Notice of Withdrawal as

13     Counsel. (Dkt. No. 30).

14   17.    By Order dated November 8, 2023, the Court granted Defendant's Motion for Order

15     Dismissing Certain Causes of Action in Complaint. (Dkt. No. 36). The Order is silent on

16     the deadline for Defendant to file and serve a response to the remaining claims. However,

17     per the Court's Order at the hearing on Defendant's Motion for Order Dismissing Certain

18     Causes of Action in Complaint, Defendant was ordered to respond to the Complaint by

19     11-18-2023. Defendant was present at the hearing.

20   18.    On November 27, 2023, I visited this Court's docket and discovered Defendant, now Pro

21     Se, had not filed and served his response to Plaintiff's Complaint.

22   19.    On November 27, 2023, I warned Defendant that Plaintiff intends to file for default against

23     him - pursuant to: Section 15 of the State Bar's enacted California Attorney Guidelines of

24     Civility and Professionalism; Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.,

25     (2019) 36 Cal.App.5th at 134,137, No. G060411, 2022 Cal. App. LEXIS 854 (Ct. App.

26     Oct. 17, 2022); ; Fasuyi v. Permatex, Inc., 84 Cal. Rptr. 3d 351 (Cal. Ct. App. 2008),

27     quoting Au-Yang v. Barton, 90 Cal. Rptr. 2d 227 (1999)); Lasalle v. Vogel, 36 Cal. App.

28

1    5th 127, 248 Cal. Rptr. 3d 263 (2019); Pearson v. Continental Airlines, (1970) 11 Cal.3d

2    613, 619); Weil & Brown, Civil Procedure Before Trial (Rutter 2007) 5:68-5:70.

3        I declare under penalty of perjury under the laws of the State of California that the

4  foregoing is true and correct. Executed November 27, 2023, at Los Angeles, California.

By ___ /S/ *Baruch C. Cohen*

Baruch C. Cohen, Esq

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **AMENDED REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/28/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen (PL)          bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Michael I. Gottfried (IP)       mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com,
                             docketing@elkinskalt.com
Nikko Salvatore Stevens (IP)   nikko@cym.law, mandi@cym.law
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Clarisse Young (IP)           youngshumaker@smcounsel.com, levern@smcounsel.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 11/28/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Leslie Klein, 322 N. June Street, Los Angeles, CA 90001

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/28/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/28/2023 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| Date | Printed Name | Signature |